CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2010

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAHEEM Z. LANGHORNE,<br>　　Petitioner, | Civil Action No. 7:09CV00421 |
| v. | MEMORANDUM OPINION |
| WARDEN HARRIS DIGGS, JR.,<br>　　Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Raheem Langorne, an inmate held at Nottoway Correctional Center and proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his rights under the U.S. Constitution were violated because (1) the Virginia Supreme Court erred by affirming the trial court's decision denying Petitioner's motion to withdraw a guilty plea, (2) Petitioner was denied his right to effective assistance of counsel, (3) the trial court was not made aware of all terms of the plea agreement, and (4) Petitioner was laboring under a material mistake of fact and was never informed as to whether the trial court accepted or rejected the plea agreement. Respondent filed a motion to dismiss, to which Petitioner responded, making the matter ripe for disposition. Upon review of the parties' arguments and the case record, the Court finds that the Respondent's motion to dismiss must be **GRANTED**, and Petitioner's request for § 2254 relief must be **DENIED**.

### I.　Factual Background and Procedural History

On September 8, 2005, Petitioner was arrested for one count each of abduction, burglary, robbery, aggravated sexual battery, animate object sexual penetration, grand larceny, and statutory burglary, and four counts of use of a firearm in commission of a felony. He was indicted on all charges on November 1, 2005. At that time, Petitioner entered a plea of not

guilty on all counts. Petitioner was tried on December 5 and 6, 2006. After the Commonwealth's Attorney presented evidence and argument, Petitioner changed his pleas. He entered an Alford Plea on the counts of aggravated sexual battery and animate object sexual penetration, and a guilty plea on the remaining counts. Petitioner requested a post-conviction psychological evaluation and a pre-sentence report. On April 17, 2007, he was sentenced to a total of 60 years imprisonment and ordered to pay costs of $3,955 and the court-appointed attorney fee.

## A. Factual Background

On the evening of September 3, 2005, Petitioner, along with three co-defendants, went to the home of the victim, Dorothy Carroll, after reconnoitering the property earlier in the day. They first attempted to gain entry by asking Ms. Carroll if they could use her telephone. Ms. Carroll did not allow them entry, but when she tried to leave her home by another door later in the evening, Petitioner held her at gunpoint and led her back into the home. Petitioner forced Ms. Carroll into the bedroom, and had her strip naked and curl on the bed, where he tied her up with a telephone cord. Ms. Carroll remained bound while Petitioner and his codefendants robbed her of things of value. During the robbery, Petitioner asked Ms. Carroll where specific items, such as a key to a lock box, could be located. When she did not tell him, he placed his fingers in her vagina. He did this twice. Petitioner and his co-defendants put items from Ms. Carroll's home into pillowcases; they then took the pillowcases with them and fled the premises in a vehicle. They left Ms. Carroll bound and naked on her bed, where she was discovered by her daughter and son-in-law the following morning.

### B. Procedural History

On October 11, 2007, Langhorne's petition for appeal to the Court of Appeals of Virginia was denied. On August 11, 2008, the Virginia Supreme Court denied his petition for appeal. On October 6, 2009, the Virginia Supreme Court denied his petition for a writ of habeas corpus.

On October 15, 2009, Langhorne filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He filed additional documents in support of his motion on October 28, 2009. On January 4, 2010, Respondent filed a motion to dismiss pursuant to Rules 12 and 56(b) of the Federal Rules of Civil Procedure. Petitioner responded with an opposition brief, but did not include further exhibits in his response.[1]

### II. Legal Standard and Analysis

The Respondent's motion to dismiss must be treated as a motion for summary judgment. The Respondent submitted materials outside of the pleadings, including Petitioner's appeal to the Virginia Court of Appeals, the Commonwealth's response to that appeal, the order of the Virginia Court of Appeals denying the appeal petition, Petitioner's appeal to the Supreme Court of Virginia, the Commonwealth's response to that appeal, the order of the Virginia Supreme Court denying the appeal petition, Petitioner's Habeas Corpus petition to the Virginia Supreme Court, and the order of the Virginia Supreme Court denying Langhorne's petition as frivolous. When a motion to dismiss is submitted with additional documents outside the pleadings, the

---

[1] For reasons explained infra, the court finds that an evidentiary hearing is unnecessary because the claims in the petition can be resolved on the basis of the present record. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts specifically contemplates that "the adequacy of a § 2254 petition will be judged on the face of 'the petition and any attached exhibits.'" Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The Rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." R. GOVERNING § 2254 CASES 4.

Court may consider it a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. PRO. 12(d).[2] In reviewing a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Nevertheless, the courts look to the affidavits and other specific facts to determine whether there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Moreover, it is the substantive law that will identify which facts are material for the purposes of summary judgment. Id. at 248. Ultimately, summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

### A. Exhaustion

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Procedurally, however, the Supreme Court has held that a federal court may not grant habeas relief for unexhausted state claims not presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Federal legislation now requires that a state prisoner who files a habeas corpus petition in federal court must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is not satisfied when a prisoner has merely proceeded through the state court. Instead, a petitioner exhausts his state remedies

---

[2] The parties received reasonable and explicit notice of the Court's intention to convert the United States's motion to dismiss into one for summary judgment. The Clerk of the Court issued a Roseboro Notice on January 5, 2010, explaining that "if documents or affidavits outside the pleadings are submitted by either party, any motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Federal Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Federal Civil Procedure." (Dkt. No. 13).

when he raises the same claim in both state and then federal court. See Picard v. Connor, 404 U.S. 270, 275–6 (1971) (explaining that "it is not sufficient merely that the federal habeas applicant has been through the state courts."). In addition, a petitioner does not exhaust his state remedies merely by raising a claim without factual allegations or arguments in support of the claim. Rather, "the substance of a federal habeas corpus claim must first be presented to the state courts." Id. at 278. The Fourth Circuit has stated that "the exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" Mallory v. Smith, 27 F.3d 991, 995 (1994) (citing Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

Petitioner charges that his counsel was ineffective because counsel gave him erroneous advice concerning the meaning of Petitioner's guilty and Alford pleas as well as the potential sentence he would receive, and because counsel did not move to suppress his confession. Petitioner claims counsel "exaggerate[d] the benefit to be derived by pleading guilty," and that counsel's advice induced him to change his plea to guilty.[3] He claims that counsel told him that by changing his pleas, he would get a sentence of eighteen years. Petitioner argues that counsel should have moved to suppress his video-taped confession as a violation of Petitioner's Miranda rights. He claims that he told investigators from the Bedford County Sheriff's Office, who questioned him at the Roanoke City Police Department, that he wanted an attorney, but they

---

[3] Petitioner also suggests that counsel failed to file his appeal in a timely fashion, and that this was the reason that his appeal was denied by the Virginia Court of Appeals. This argument is without merit. The Virginia Court of Appeals considered both of the substantive claims that Petitioner raised in his appeal, and dismissed the case on the merits. See Resp't Br.Opp'n, Ex. 3.

coerced him into waiving his Miranda rights and giving a confession without counsel present. He argues that all of counsel's errors were prejudicial to Petitioner's case and rendered his counsel constitutionally ineffective.

Petitioner first claimed that counsel was ineffective in his petition for writ of habeas corpus to the Virginia Supreme Court. His charge was limited to the mere assertion that his "plea was not intelligently made due to the ineffective assistance of counsel." He failed to support this claim with any facts or allegations. Petitioner failed to present his claim "face-up and squarely" to the state court prior to arguing before this court that his counsel provided ineffective assistance. On direct appeal, Petitioner did not raise this argument.[4] Although he raised a claim of ineffective assistance of counsel when he filed a petition for habeas corpus with the Virginia Supreme Court, he did not include any facts or arguments in support of his claim. The Virginia Supreme Court was not apprised of any of the alleged facts that are now being offered to this Court in support of Petitioner's claim. The Virginia Supreme Court was not able to fully or fairly consider Petitioner's claim of ineffective assistance of counsel as it is now presented to this Court, including allegations of a promise made regarding sentencing, improper failure to move to suppress Petitioner's confession, and flawed advice about the nature and consequences of guilty and Alford pleas. Therefore, Petitioner has failed to meet the exhaustion requirement and this claim is denied.

### B. Procedural Bar

Even if all claims have been properly exhausted, a claim may not be heard if it is procedurally barred. Federal courts reviewing habeas claims may not review a procedurally

---

[4] The Court notes that on direct appeal to the Court of Appeals of Virginia and Supreme Court of Virginia, Petitioner was represented by trial counsel.

defaulted claim because the claim is considered to have been adjudicated on independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 162 (1996). See also Harris v. Reed, 489 U.S. 255, 262 (1989) (stating that "a procedural default will not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar"). A claim is procedurally barred when the claim, on a non-jurisdictional issue, could have been presented at trial and on appeal but was not. Slayton v. Parrigan, 215 Va. 27, 29 (1974). The Court of Appeals for the Fourth Circuit has recognized Slayton as an independent and adequate procedural rule. See Wright v. Angelone, 151 F.3d 151, 159–60 (4th Cir. 1998) (quoting Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997), cert. denied, 522 U.S. 978, 118 S.Ct. 438 (1997) ("We have recognized that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'")).

This procedural bar is inapplicable when the failure to review will "result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478 (1991). This procedural bar also does not apply when the "prisoner can demonstrate cause for the default and actual prejudice as a result." Coleman, 501 U.S. at 750. A "fundamental miscarriage of justice" is generally considered to be the extraordinary case where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495. See also Schlup v. Delo, 513 U.S. 298, 327 (1995). Neither rationale for finding inapplicable this procedural bar, cause and actual prejudice nor a fundamental miscarriage of justice, has been alleged by Petitioner. Petitioner's claim of ineffective assistance of counsel can be interpreted as cause for procedural default and actual prejudice. However, the Supreme Court has clearly announced that "counsel's ineffectiveness

will constitute cause only if it is an independent constitutional violation." Coleman, 501 U.S. at 755.

Petitioner claims that a writ of habeas corpus should issue because the trial court was not made aware of all the terms of the plea agreement. He claims that there was an agreement between himself and his counsel that his counsel would "get" him a sentence of eighteen years. An agreement between Petitioner and his own attorney is not a term of the plea agreement, which is an agreement between Petitioner and the Commonwealth's attorney. Furthermore, the trial court would not be bound by an agreement between Petitioner and the Commonwealth's Attorney, much less his own attorney. In fact, the plea forms state, "I understand that in imposing punishment the Court is not bound by any agreement between me, my counsel, and the Commonwealth's Attorney." Thus, even had the trial court been aware of any agreement between Petitioner and counsel regarding the sentence, the judge would not have been bound by it.

But even if a specific sentence had been a part of the plea agreement, Petitioner did not raise this issue on direct appeal. Under Slayton, an inmate is procedurally defaulted from raising claims in habeas proceeding which could have been raised during trial or appellate proceedings. Therefore, Petitioner's claim that the trial court was not aware of all the terms of the plea agreement is procedurally barred.

Petitioner further claims that when he entered his guilty and Alford pleas at the conclusion of the Commonwealth's case against him he was laboring under a material mistake of fact. He argues that he did not understand what the Alford plea meant, and that he was under the impression that he was maintaining his innocence and would be found not guilty. He claims that had he known that he would be found guilty, that he would not have entered an Alford plea to the

two sexual offenses. He further claims that he was never informed as to whether the trial judge accepted his guilty and Alford pleas.[5] Petitioner's claim that he did not understand the nature and consequences of his guilty pleawas not raised on direct appeal. Although he argued on direct appeal that the trial court erred in denying his motion to withdraw his pleas, that claim was limited to the argument that the trial judge had abused his discretion. As explained above, under Slayton, an inmate is procedurally defaulted from raising claims in habeas proceeding which could have been raised during trial or appellate proceedings. Petitioner could have raised this claim on direct appeal; because he did not, this claim is also procedurally barred.

Although Petitioner has not explicitly argued that the procedural bar is inapplicable to this claim, he does argue in his claim of ineffective assistance of counsel that his trial attorney was ineffective because he did not explain to Petitioner the nature and consequences of his guilty and Alford pleas. "Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." Coleman, 501 U.S. at 755. In order to show ineffectiveness of counsel, Petitioner must show that his "attorney's performance "fell below an objective standard of reasonableness," and that prejudice resulted from counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). Failure to satisfy either prong is fatal to a petitioner's claim, so "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. Here, Petitioner has failed to demonstrate prejudice. When he changed his pleas midway through the jury trial,

---

[5] Insofar as this claim is identical to Petitioner's claim that the trial court erred in denying his motion to withdraw his guilty and Alford pleas, it fails because the Virginia Court of Appeals adjudicated it on the merits and the Court of Appeals's adjudication did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." See Part II.C for an analysis of Petitioner's claim that the trial court erred in denying his motion to withdraw his pleas.

Petitioner signed a Plea of Guilty to Felony and an Alford Plea of Guilty to Felony. Both of these forms fully explained what these pleas are and the consequences of entering the pleas. Petitioner argues that counsel did not explain that an Alford plea was a plea of guilty; however, the Alford plea form clearly stated at the top that the document was an "Alford Plea of Guilty to Felony." Furthermore, the form states, "I maintain my innocence to these charges, but am entering these pleas of guilty because it is in my best interest to do so." Petitioner now claims to have changed his pleas on these counts due to misadvice by his counsel, but this claim flies in the face of his own agreement that he understood that the Alford plea allowed him to maintain his innocence while entering a plea of guilty. Any alleged misimpression that counsel provided regarding the impact of an Alford plea on his case was corrected by the plain and clear language of the plea forms that Petitioner himself signed. Petitioner has not demonstrated that there is a reasonable probability that, but for counsel's alleged erroneous advice regarding the nature and effect Alford pleas, he would have refrained from changing his pleas. Moreover, Petitioner was fully aware of the strength of the case against him, and it strains imagination that counsel explained that he would have been found not guilty in the face of the Commonwealth's Attorney's evidence. Therefore, counsel's alleged ineffectiveness does not excuse the procedural default. Thus, Petitioner's claim that he was mistaken as to the nature and consequences of his guilty and Alford pleas is procedurally defaulted, along with his claim that the trial court was unaware of all the terms of the plea agreement.

### C. Adjudication on the Merits in State Court

Pursuant to the reforms of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal habeas court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). For the purposes of 28 U.S.C. § 2254 (d)(1), an adjudication on the merits applies to all claims that were reached and decided in state court, even if in summary fashion.

The Court of Appeals for the Fourth Circuit has accorded the "contrary to" and "unreasonable application" clauses independent meaning. A state court decision is "contrary to" the Supreme Court's clearly established precedent if (1) the state court "arrives at a conclusion opposite to that reached by the Supreme Court as a matter of law" or (2) the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision is an "unreasonable application" of clearly established federal law if (1) the state court "identifies the correct legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case, (2) the state court unreasonably extends a legal principle from [Supreme Court] precedent where it should not apply, or (3) the state court "unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Thus, to succeed on any of the claims that Petitioner brings in his habeas petition that were already adjudicated on the merits in the Virginia Supreme Court, he must demonstrate that the state court denial of his claims was either contrary to or an unreasonable application of clearly established federal law.

Petitioner charges that the Supreme Court of Virginia erred by affirming the trial court's decision denying his motion to withdraw his guilty pleas. He argues that his pleas were not made voluntarily or intelligently, because he was operating under a mistake of facts. He claims that he changed his pleas because his counsel raised the promise "or even the possibility" of a sentence of eighteen years.

Petitioner first raised this claim in his direct appeal to the Virginia Court of Appeals.[6] The Court of Appeals considered his claim and denied it in a memorandum opinion. The Court of Appeals found that because Petitioner changed his pleas after the conclusion of the Commonwealth's evidence, he was aware of all evidence against him. They cited Virginia precedent in explaining that the law in Virginia requires that a guilty plea be entered freely and intelligently, but that the "voluntariness of his [or her] guilty plea will be considered conclusively established by the trial proceedings, unless the [accused] offers a valid reason why he[or she] should be permitted to controvert his [or her] prior statements." Resp't Br. Opp'n, Ex 3, at 2. The Court of Appeals cited the Virginia Supreme Court in stating that "whether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Id. (citing Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949)). The Court of Appeals found that the trial judge acted within his discretion in denying Petitioner's motion to withdraw his pleas.

A federal court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Because the Supreme Court of Virginia fully adjudicated this claim on its merits and did not act unreasonably or contrary to clearly established federal law or precedent in rendering its decision, this Court cannot grant habeas relief.

---

[6] Petitioner's argument in support of this claim on direct appeal was that he did not enter his guilty and Alford pleas freely because he was not fully aware of the evidence in his case, and that the trial court had abused its discretion in denying his motion to withdraw his pleas.

## III. Conclusion

Petitioner has failed to exhaust his claim of ineffective assistance of counsel. In addition, Petitioner's claims that the trial court did not know all terms of the plea agreement and that he was unaware of whether the trial court had accepted the plea agreement are procedurally barred as non-jurisdictional issues that should have been raised at trial or on direct appeal. His claims that the trial court erred in denying his motion to withdraw his pleas and that he changed his pleas while operating under a mistake of fact were fully adjudicated by the Supreme Court of Virginia. Even evaluated under the standard for summary judgment, Petitioner has not alleged facts that demonstrate that there is a genuine issue of material facts requiring trial.

For the stated reasons, the Respondent's Motion to Dismiss (Dkt. No. 10) is **GRANTED** and Langhorne's 28 U.S.C. § 2254 Petition (Dkt. No.1) is **DENIED**. An appropriate order shall issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This court finds that Petitioner has failed to demonstrate such a showing, and thus declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Petitioner intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of the final

order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

**ENTER:** This 20th day of May, 2010.

/s/ James C. Turk
Senior United States District Judge